**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORIO R. MALLARI, | No. C 11-295 SI |
| Plaintiff, | **ORDER GRANTING UNOPPOSED MOTION TO DISMISS** |
| v. | |
| JP MORGAN CHASE, *et al.*, | |
| Defendants. | |

Defendants' motion to dismiss the complaint is scheduled for a hearing on April 22, 2011. Plaintiff has not filed an opposition to the motion. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion. If plaintiff wishes to file an amended complaint, an amended complaint must be filed by **April 29, 2011**.

## BACKGROUND

On January 20, 2011, *pro se* plaintiff Honorio R. Mallari filed this lawsuit against defendants JP Morgan Chase Bank, Chase Home Finance LLC, and "John Does similarly situated." The complaint alleges "[o]n information and belief, the mortgage Notes upon which the Plaintiff remit[s] monthly payments are not the properties of the Defendants, and that the Defendants have no standing to perform the foreclosure action on Plaintiff's home and real estate properties which are encumbered by the Notes/Mortgages." Compl. ¶ 1.1.

The complaint alleges one claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and one claim for "RICO Conspiracy." The complaint alleges, *inter alia*,

that defendants and their conspirators "formed an association-in-fact for the purpose of defrauding innocent and unsuspecting Borrowers into loans structured to fail." *Id*. ¶ 4.4. The complaint also alleges that "[b]y initiating the foreclosure action to obtain money and continuing to demand payments from the Plaintiffs through the U.S. mails when, in fact, Defendants Morgan and/or Chase lacked standing to do what it threatened and continue to pursue its foreclosure action." *Id*. ¶ 3.45.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim. Defendants contend that

2

the complaint should be dismissed because it fails to meet Federal Rule of Civil Procedure 9(b) pleading requirements, and because the complaint does not adequately allege the elements of a RICO claim.

To state a claim under 18 U.S.C. § 1962(c), plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code. A RICO claim requires a showing that "a pattern of racketeering activity" occurred. 18 U.S.C. § 1961; *see Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has interpreted this rule to require pleadings to specify "the time, place, and nature of the alleged fraudulent activities." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). This heightened pleading standard applies to RICO claims alleging fraud. *See id.* (dismissing the RICO claim for failure to specify the time, place, and content of the alleged mail and securities fraud).

The Court concludes that the complaint should be dismissed. The complaint does not adequately plead the existence of an enterprise, nor does it allege a pattern of racketeering activity. With regard to a RICO enterprise, the complaint simply alleges that "Defendants, and the Conspirators formed an association-in-fact for the purpose of defrauding innocent and unsuspecting Borrowers." Compl. ¶ 4.4. The complaint does not contain any specific allegations about the nature of the alleged enterprise, or each defendant's role in the enterprise. Similarly, the complaint does not specifically identify the predicate acts that form the basis of the pattern of racketeering activity. Instead, the complaint simply alleges that defendants "defrauded" plaintiff and other borrowers, and that they did so by seeking to foreclose without standing to do so. The complaint does not contain any specific information about plaintiff's loans and the foreclosure. Instead, the complaint contains general allegations about, *inter alia*, mortgage securitization, and contains lengthy quotations from court decisions in other foreclosure cases.

Plaintiff did not oppose defendants' motion, and has not filed anything with the Court indicating

3

that plaintiff wishes to amend the complaint. In light of plaintiff's *pro se* status, the Court will grant plaintiff leave to file an amended complaint. If plaintiff wishes to file an amended complaint, the complaint shall (1) provide information about why each defendant is being sued; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks. If plaintiff alleges a claim based in fraud, such as RICO, plaintiff must allege those claims with particularity as required by Rule 9(b). The Court cautions plaintiff that it is skeptical that plaintiff can allege a civil RICO claim against defendants arising out of the foreclosure of plaintiff's property.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the complaint and GRANTS plaintiff leave to amend. (Docket No. 5). If plaintiff wishes to amend the complaint, an amended complaint must be filed no later than **April 29, 2011**.

**IT IS SO ORDERED.**

Dated: April 14, 2011

SUSAN ILLSTON
United States District Judge